UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARCIA CASCO,

                          Plaintiff,

           -against-

DELTA AIR LINES, INC.,

                         Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER OF REMAND**

**23-cv-885(DLI)(MMH)**

**DORA L. IRIZARRY, United States District Judge:**

On December 28, 2022, Garcia Casco ("Plaintiff") filed a verified complaint in New York State Supreme Court, Queens County ("state court"), alleging state law claims of negligence and an unsafe worksite in connection with injuries he sustained during a fall that occurred on or about November 21, 2022. *See,* Complaint ("Compl."), Dkt. Entry 1-1 at ¶¶ 120-126, 131-134. On February 6, 2023, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. Before removal, Defendant had answered the Complaint and all other defendants named in the Complaint had been dismissed. Ans., Dkt. Entry No. 1-2; Stip. of Discontinuance, Dkt. Entry No. 1-3.

On February 13, 2023, Plaintiff moved to remand this case back to state court. *See*, Pl.'s Mot. to Remand ("Pl.'s Mot."), Dkt. Entry No. 8. On February 27, 2023, Defendant opposed Plaintiff's motion to remand. *See*, Def.'s Mem. of Law in Opp. to Remand ("Def.'s Opp."), Dkt. Entry No. 10. For the reasons set forth below, Plaintiff's motion for remand is granted and this case is remanded to state court for further proceedings.

## DISCUSSION

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide

1

cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). It is well established that removal statutes are construed strictly and narrowly, "resolv[ing] any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021).

A defendant seeking removal based on diversity bears the burden of establishing that the requirements of diversity jurisdiction have been met. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest. *Id*. Here, remand is warranted because Defendant has failed to meet its burden of establishing the threshold jurisdictional amount.

**I.      Diversity of Citizenship**

It is well established that the question of whether the requirements for the exercise of diversity jurisdiction have been met is determined by the facts as they existed at the time of removal. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000). Here, there is no dispute that diversity of citizenship between Plaintiff and Defendant existed at the time of removal. *See*, Notice at ¶¶ 11-12. However, Plaintiff seeks to remand this case on the ground that he intends to amend the complaint to add as defendants the City of New York, the New York City Department of Transportation, and the Port Authority of New York and New Jersey ("the Prospective Defendants"), which would defeat complete diversity of citizenship. *See*, Pl. Mot. at 1. Defendant counters that it has satisfied the threshold jurisdictional amount requirement and the mere fact that a notice of claim has been filed against these municipal entities neither defeats diversity nor warrants application of the abstention doctrine to remand this case as there is no actual parallel judicial proceeding pending at this time.

Whether the threshold jurisdictional amount has been met will be discussed separately.

The Court concurs with Defendant that remand is not warranted based on the current posture of this case as to the Prospective Defendants whose joinder could defeat complete diversity among the parties, but who have not been joined as of yet.

The federal statute governing proceedings following removal from state court, 28 U.S.C. § 1447(e), "authorizes remand '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction,' *i.e.*, to join non-diverse defendants in a diversity case." *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 165 (2d Cir. 2023). However, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection to the controversy." *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017)(internal quotation marks and citation omitted). Whether to permit joinder of the additional parties pursuant to 28 U.S.C. § 1447(e) is within the sound discretion of this Court as it must determine whether the parties truly are indispensable to the action. *LeChase Constr. Servs., LLC*, 63 F.4th 160, 172-173; *See also, Isaly v. Bos. Globe Media Partners, LLC*, 2023 WL 144854, at *2 (S.D.N.Y. Jan. 10, 2023).

Here, it appears that the Prospective Defendants may be indispensable to this controversy since they own and operate the site where Plaintiff's injuries occurred. *See*, Pl.'s Mot. at 1. Plaintiff filed a Notice of Claim with each of the prospective defendants on January 4, 2023 pursuant to New York General Municipal Law § 50-H, a condition precedent to commencing a lawsuit. *Id.* A § 50-H hearing was scheduled for April 6, 2023.[1] *Id.* The purpose of this hearing is to "supplement to the notice of claim and provides an investigatory tool to the public corporation, *with a view toward settlement*[.]" *A. R. v. Urrutia*, 212 A.D.3d 670, 671 (1st Dept. 2023)(emphasis

---

[1] It is unknown to the Court at this time whether the hearing was held.

added). To date, Plaintiff neither has requested leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) nor informed the Court that it has initiated a separate lawsuit against the Prospective Defendants and seeks to consolidate the two actions. Under these circumstances, particularly since Plaintiff has not sought to amend the complaint in this case, it would be premature to remand this action pursuant to 28 U.S.C. § 1447(e).

**II.     Amount in Controversy**

Notwithstanding the foregoing analysis as to the citizenship requirement, the Court finds that Defendant has failed to satisfy the amount in controversy requirement. Thus, remand is warranted. To satisfy the amount in controversy requirement, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). Indeed, "the amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 WL 4489456, at *1 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Defendant relies on the allegations in the Complaint to support its assertion that the amount in controversy requirement is satisfied, Defendant "cannot meet [its] burden by relying on inferences drawn from the Complaint[] because the Complaint does not allege a damages amount." *See*, *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Defendant also relies

on the Notice of Claim filed by Plaintiff against the Prospective Defendants, but the Notice of Claim suffers from the same deficiency as the Complaint because it contains only general allegations of damages. Notably, the Complaint only alleges that Plaintiff "has been damaged in a sum which exceeds the jurisdictional limits of all lower courts." Courts within this circuit consistently have held that that this type of allegation fails to satisfy the jurisdictional threshold under 28 U.S.C. § 1332(a). *See, De Garcia v. Tropicana Ent. Inc.*, 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022). The mention of "lower [c]ourts" in the Complaint is a reference to the lower civil courts of New York, which may not entertain actions seeking to recover more than $25,000. *See, Woodley v. Mass. Mutual*, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts"). That Plaintiff chose to file his case in the state court with no jurisdictional limit does not support, in any way, Defendant's assertion that Plaintiff seeks more than $75,000.

Furthermore, none of the documents relied upon by Defendant provide any information concerning the nature and extent of Plaintiff's injuries. The Court is left to guess at the amount in controversy based on Defendant's speculation that: (1) "upon information and belief, Plaintiff will allege that he suffered personal injuries to his neck, back, right arm, right shoulder, right leg, and right knee at [Defendant's] construction site at LaGuardia Airport on November 21, 2022, when he was caused to trip and fall[;]" and (2) "[i]t is anticipated that he will claim lost wages as well." Notice at ¶ 5. Such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference—as opposed to speculating—that the damages or amount in controversy exceeds $75,000." *Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. January 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even

5

where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *See also*, *O'Neill v. Target Corp.*, 2021 WL 2634880, *2 (E.D.N.Y. June 25, 2021)(remanding case involving allegations that "plaintiff suffered serious and permanent injury to fourteen (14) different body parts" and suffered injuries that "incapacitated her from employment and required an extensive, and ongoing, course of treatment involving nineteen (19) different medical providers/facilities," finding the allegations provided "nothing regarding the specific amount or extent" of any alleged injuries or damages); *King v. J.B. Hunt Transport, Inc.*, 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020) (remanding case in light of boilerplate allegations that plaintiff "sustained severe and protracted personal injuries," and "endured pain and suffering, were, and are, incapacitated from their normal pursuits, incurred lost earnings[.]").

Notably, Defendant was not without recourse to determine the damages sought prior to removal. "As courts in this district have reiterated time and time again [when] remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021)(collecting cases). Indeed, Defendant could have availed itself of this procedural mechanism that permits a defendant in "an action to recover damages for personal injuries" to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y.C.P.L.R. § 3017(c).

Under this mechanism, Plaintiff would have been required to provide the supplemental demand within fifteen days of the request and, if he failed to do so, Defendant could have moved before the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c). Importantly, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner*

6

*v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, rather than prematurely removing the action to this Court, Defendant could and should have availed itself of this procedural mechanism. *See, Herrera,* 2016 WL 4536871, at *2; *See also*, *Cadmen v. CVS Albany, L.L.C.*, 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (finding removal of state action "premature" where defendant failed to use N.Y. C.P.L.R. § 3017(c) to determine the amount of damages sought by plaintiff before removing). Defendant "should have availed [himself] of the state's procedures rather than removing the action to this Court without the proper basis on which to do so." *Bader v. Costco Wholesale Corp.*, 2018 WL 6338774, at *2 (E.D.N.Y. Dec. 4, 2018) (internal quotation marks and citations omitted). Accordingly, as the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, remand to state court is proper.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand this case to state court is granted, albeit not for the ground raised by Plaintiff, but because the requisite threshold jurisdictional amount has not been met and, as such, the Court lacks subject matter jurisdiction. This matter is remanded to New York State Supreme Court, Queens County, under Index No. 727219/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
      April 14, 2023

                                                      /s/
                                       DORA L. IRIZARRY
                                    United States District Judge